J-S15026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK FRAZIER | : | |
| | : | |
| Appellant | : | No. 1911 EDA 2021 |

Appeal from the PCRA Order Entered August 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003799-2018

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED JANUARY 8, 2026**

Appellant Derrick Frazier appeals from the order denying his Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant's counsel, Thomas F. Coleman, Esq., (Attorney Coleman) has filed an application for leave to withdraw and a **Turner**/**Finley**[2] brief.  After review, we grant Attorney Coleman's application to withdraw and affirm.

Briefly, on September 11, 2018, Appellant pled guilty to aggravated assault and possession of an instrument of crime.[3]  That same day, the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] 18 Pa.C.S. §§ 2702(a) and 907(a), respectively.

court sentenced Appellant to a term of six to twelve years' incarceration, followed by five years' probation. Appellant did not file a direct appeal.

On December 1, 2020, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Attorney Judge Hall, Esq. (Attorney Hall), who filed a ***Turner***/***Finley*** no-merit letter. On July 6, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. On August 5, 2021, the PCRA court issued an order dismissing Appellant's petition.

On September 3, 2021, the PCRA court docketed Appellant's *pro se* notice of appeal. The PCRA court subsequently appointed Margeaux Kelly Cigainero, Esq., who filed a court-ordered Pa.R.A.P. 1925(b) statement on Appellant's behalf. On appeal, this Court remanded the matter for further proceedings and directed the PCRA court to appoint new counsel on Appellant's behalf. ***See Commonwealth v. Frazier***, 330 A.3d 822 (Pa. Super. 2024) (explaining that in the interests of judicial economy, and because Attorney Cigainero had previously failed to comply with this Court's orders directing her to comply with ***Turner***/***Finley***, it was necessary to grant Attorney Cigainero's motion to withdraw and remand the matter for the PCRA court to appoint new counsel on Appellant's behalf). The PCRA court subsequently complied with this Court's directive and appointed Attorney Coleman, who filed a ***Turner***/***Finley*** no-merit letter and a petition to withdraw.

Before addressing the merits of the matters identified in the *Turner*/*Finley* brief, we must first consider whether Attorney Coleman met the technical requirements for withdrawing from representation. *Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016). This Court has explained:

> Counsel petitioning to withdraw from PCRA representation must proceed under [*Turner* and *Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (citations omitted and formatting altered).

Here, Attorney Coleman filed his petition to withdraw indicating that he reviewed the record and determined that there were no meritorious issues to raise on appeal. Pet. to Withdraw, 3/2/25, at 1-2 (unpaginated). Further, Attorney Coleman filed a copy of the letter that he sent to Appellant, which indicates that he sent Appellant a copy of the *Turner*/*Finley* brief and advised Appellant that he may immediately proceed *pro se* or retain private counsel

to raise any additional issues he believes should be brought to this Court's attention. Pet. to Withdraw, 3/2/25, at Ex. A. On this record, we conclude that Attorney Coleman has met the technical requirements of **Turner** and **Finley**, and we now proceed to address the issues Attorney Coleman identified in the **Turner**/**Finley** brief. **See Muzzy**, 141 A.3d at 510-11.

On appeal, Attorney Coleman has identified the following issues for review, which we have reordered as follows:

1. Whether Appellant's PCRA petition was timely.

2. Whether there are any issues of arguable merit that could be raised on appeal presently before this Court and whether this appeal is wholly frivolous?

3. Whether Appellant's guilty plea was entered into knowingly and intelligently because he stated in his PCRA [petition] that he did not know the parole violation penalty would run consecutively to his new sentence?

**Turner**/**Finley** Brief at 5 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016).

Here, Appellant did not file post sentence motions or a direct appeal after the trial court imposed his sentence on September 11, 2018. Therefore, Appellant's sentence became final on October 11, 2018. Pursuant to the PCRA statute, Appellant had until October 11, 2019 to file a timely PCRA petition. Accordingly, Appellant's instant PCRA petition, which he filed on December 1, 2020, is facially untimely. *See* 42 Pa.C.S. § 9545(b)(1). In his *Turner*/*Finley* brief, Attorney Coleman noted that because Appellant's petition is untimely and none of the exceptions to the PCRA's one-year time bar applied, the PCRA court did not have jurisdiction to address Appellant's substantive claims. *See Turner*/*Finley* Brief at 11-21. Following our independent review of the record, we agree with Attorney Coleman's assessment. *See Albrecht*, 994 A.2d at 1094; *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, we affirm the order denying Appellant's PCRA petition and grant Attorney Coleman's petition to withdraw.

Order affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judge Colins did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/8/2026